**No. 44001:—Protest 908954-G of Stone & Downer Co. (Boston).**

KEEFE, Judge: In this suit the plaintiff seeks to recover certain customs duties assessed upon two thousand salted Buenos Aires camp calf hides, invoiced and entered as weighing 64,914 pounds. The hides were invoiced upon the basis of 8 cents per pound, c. i. f. Boston. The collector assessed duty at 10 per centum ad valorem under paragraph 1530 (a), Tariff Act of 1930, on the basis of value found by multiplying the invoiced quantity by the entered price per pound. The plaintiff claims that the collector's failure to weigh the hides upon importation resulted in assessment of duties upon a value greater than the merchandise possessed because the weight thereof at the time of importation was less than the invoice weight declared upon entry; and that allowance should be made for the difference between the weight as entered and the actual weight at the time of importation.

At the call of the calendar at Boston, counsel for the plaintiff moved to amend the protest. Government objected to the amendment upon the ground that it raised a question of value. The judge sitting at the port of Boston granted the amendment. We find that the amendment deals with the subject matter of the protest and is merely a clarification of the issues involved. The action of the trial judge is accordingly approved.

Counsel for the Government also moved to dismiss the protest upon the ground that the granting of any relief from the collector's liquidation requires an alteration of the unit appraised value, which may only be granted upon an appeal to reappraisement, and upon the further ground that the importer has failed to sustain his burden of proof that the liquidation was erroneous because there was no evidence produced to show the weights used by the collector in his liquidation. Upon consideration of the motion to dismiss it is hereby denied.

At the trial the deputy collector at the port of Boston testified that it had been the practice of his office since September 1933 not to weigh hides at the time of importation; that the hides in question were not ordered to be weighed; and that unless so ordered the weigher does not weigh imported merchandise. The entry in question fails to show that the hides were ordered to be weighed and no weight receipts were produced by the Government in rebuttal of the testimony of the deputy collector.

The public weigher of the City of Boston testified that he weighed the hides in drafts of 70 or 80 at a time on the dock at the time of unlading, upon scales tested 2 months previous; that the tare of 20 skins was determined by weighing the skins before and after shaking the salt out of them and therefrom the tare of salt in the shipment was figured; and that the taring of 20 skins out of a shipment was the usual practice in obtaining the tare upon hides. The original tally sheets of weights obtained at the time of weighing were offered and admitted in evidence. The gross weight of the two thousand skins was proven to be 53,438 pounds and the net weight 50,638 pounds.

The invoice papers disclose that 2,000 salted Buenos Aires camp calf hides weighing 64,914 pounds were invoiced at 8 cents per pound including nondutiable charges. On the consular invoice appears a stamp impressed in red ink, reading as follows:

Appraised unit of value is total net invoice value divided by landed weight.

There is no indication who put the notation on the invoice. It is neither signed nor initialed. The Summary of Entered Value on Customs Form 6417 certified to by the deputy collector, notes that the invoice value is $5,193.12, and non-dutiable charges, $404.10, and the entered value $4,789.02. In the appropriate place upon the bottom of said summary the appraiser has indicated in red ink by check marks that examination of the hides was made on November 20, 1936; that the appraised value was correct, that is, that the merchandise was appraised as entered, and that the advisory classification was the same as indicated upon the invoice and entry. The entry, which is not before the appraiser at the time of appraisement, called for 2,000 wet salted Argentine calf hides, weighing 64,914 pounds, dutiable under paragraph 1530 (a) at 10 per centum ad valorem. The value therefor is $4,789.02, and the duty $478.90. There also appears a notation in red ink upon the entry sheet as follows: "As Entered," initialed by "JZF."

The Government contends that the unit price returned by the appraiser is in accordance with the official stamp on the face of the invoice, indicating that he appraised at a unit value arrived at by dividing the total invoice value by the landed weight; that the importer has failed to prove what landed weight was accepted by the appraiser, or that the appraiser refused to comply with the weight receipts; that there is no evidence to prove that the liquidator used the invoice weights rather than the "landed weights" referred to in the red-ink stamped return on the consular invoice; and that there is nothing in the record to show that the importer presented his landed weight report to the customs officials.

The plaintiff contends that in view of the decisions in the cases of *Garvey* v. *United States*, Abstract 38465, and *Agoos Leather Cos.* v. *United States*, Abstract 41115, the issue is *stare decisis*. It is further contended that from the notations upon the summary sheet it is clear that the *per se* entered unit value was 8 cents per pound and the Government's statement that the entry and official record show that the merchandise was entered at a total value without specif-ically setting out the unit value is misleading and contrary to fact. It is further contended that the appraiser has no authority to appraise merchandise by means of a stamp notation and that such notation does not represent the appraiser's return. It is further contended that the red-ink notation upon the entry "As Entered" with the initials of the liquidator below it, is sufficient to show that the entry was liquidated without change and that the collector used the invoice weights of the merchandise, which necessitated using the same entered *per se* price of 8 cents per pound as determined by the appraiser; that it is very obvious that the appraiser and the collector accepted the invoice weight as the net landed weight; and that the appraiser did not ascertain any landed weight of the mer-chandise and has no power to do so.

It is the duty of the appraiser to appraise merchandise in the unit of quantity in which it is usually bought and sold. Section 500, act of 1930. Article 774 of the Customs Regulations of 1931, provides as follows:

(c) Appraisers shall include in their returns on invoices, customs Form 6417, a report as to the correctness of the invoice upon which entry was made. If they find the merchandise correctly invoiced, they will return "invoice correct." If they find the invoice incorrect either as to prices or values stated, entered rates, or as to the form of invoice, they shall return "invoice incorrect in the following respects," specifying the particulars, and shall hold the examination packages until released by the collector.

Article 778 provides the rules for making returns of value, as follows:

Appraising officers will observe the following rules in making returns on invoices:

(a) The value returned by the appraiser should be in the unit of quantity in which the merchandise is usually bought and sold in the ordinary course of trade, subject to the usual commercial terms and should not be expressed as a total unless the total is the trade unit of value.

   \*       \*       \*       \*       \*       \*       \*

(*u*) The appraiser shall make a return of each invoice on customs Form 6417.

(*v*) If the appraised value be the same as the entered value, the signature of the appraising officer to the certificate on the summary sheet without any notations on the invoice will so indicate.

(*w*) The appraising officer will note only exceptions upon the summary sheet, in the various columns relating to value, rate, quantities, and dutiable packing charges.

(*x*) When there are no changes in the entered value, classifications, quantities, etc., and the action of only one examiner is involved, each column should be checked to indicate that proper action has been taken as expressed in the certification of the appraising officer.

(*y*) When exceptions are noted, the cases returned correct should be marked "C" (correct) in addition to setting forth the exceptions expressed by the abbreviations set forth in the summary sheet.

Article 783, relative to loss of weight increasing the value of imported merchandise reads as follows:

Art. 783. Loss of weight—Increase in value.—When merchandise subject to an ad valorem rate of duty has decreased in weight by reason of evaporation or otherwise, and the value of the unit of quantity has correspondingly increased, the appraiser should appraise the merchandise in the condition in which imported and such appraisement shall not be deemed an advance in value for the purpose of assessing additional duty.

From the evidence before us we find that the hides in question were not weighed by the collector and the landed weights were not determined by any Government official. In the case of *United States* v. *Bush,* 4 Ct. Cust. Appls. 519, T. D. 33938, it was held that where the amount of duty to be collected is in part dependent upon the weight of the goods, it is the net weight thereof that is actually imported that is used as a basis for computing duties. In *Downing* v. *United States,* 11 Ct. Cust. Appls. 310, T. D. 39128, it was held that the true weight of imported merchandise must be taken as the basis of duties, irrespective of the weights given in the invoice. The entry papers clearly show the following facts as to the official action of the customs officials. The merchandise was entered at 8 cents per pound, less the prorated nondutiable charges, upon the basis of the number of pounds shown upon the invoice. There was no ascertainment made by the customs officials of the net landed weight. The merchandise was returned by the appraiser at the entered values. The statement upon the invoice impressed thereon by means of a rubber stamp does not conform with the instructions regulating appraisements as promulgated by the Secretary of the Treasury in the Customs Regulations of 1931, article 778 (*a*) *supra,* as the appraiser did not have the landed weight before him at the time of appraisement and therefore was unable to ascertain the unit value. Further, the official notations of the appraising officers upon the summary sheet in conformity with article 778 (*v*) and (*x*) indicate that the merchandise was appraised as entered.

In the cases of *Garvey* v. *United States, supra,* and *Agoos Leather Cos.* v. *United States, supra,* we had precisely the same issue before the court and there held that the merchandise was dutiable upon the basis of the net landed weight, as determined by the city weighers.

Inasmuch as the collector failed to direct that the net landed weight of the hides be obtained by the Government weighers, and as the appraiser found the entered unit value of 8 cents per pound to correctly represent the unit value of the merchandise, and the merchandise was accordingly liquidated as entered with utter disregard of the law requiring that the net weight of goods should be used as a basis for computing duties to be collected where the amount thereof is in part dependent upon the weight of the goods, it is accordingly held that duty at 10 per centum ad valorem under paragraph 1550 (a) is assessable upon the hides in question upon the dutiable value thereof. obtained by multiplying the net landed

weight of 50,638 pounds, as determined by the city weighers, by the unit value of 8 cents per pound, c. i. f. Boston, as returned by the appraiser.

Judgment will therefore be entered in favor of the plaintiff directing the collector of customs at the port of Boston to reliquidate the entry in accordance with our decision herein, and to make refund accordingly.